Richard G. GARBODEN, Plaintiff,

v.

The SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. No. 63-63.

United States District Court
D. Oregon.

April 19, 1966.

————◆————

Charles O. Porter, Eugene, Or., for plaintiff.

Charles H. Habernigg, Asst. U. S. Atty., Portland, Or., for defendant.

## OPINION AND ORDER

KILKENNY, District Judge:

Here, for review is the final decision of the defendant under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

■ The issue is whether the decision of the Secretary, holding that plaintiff failed to show that he was unable to engage in a substantial gainful activity by reason of his alleged impairment, is supported by substantial evidence. The Act places the burden of proving such disability on the plaintiff. Graham v. Ribicoff, 295 F.2d 391 (9th Cir. 1961); Mark v. Celebrezze, 348 F.2d 289 (9th Cir. 1965).

Plaintiff, in March, 1955, at the age of 40 years, while working as a laborer, sustained a back injury and later in March, 1956, and April, 1957, underwent spinal fusion surgery. He received $12,000.00 in settlement of his claim before the Oregon Industrial Accident Commission, then purchased a root-beer stand which he operated from 1958 to 1960. This was a seasonal business which opened in March and closed in October, and during that season, plaintiff worked 12 hours a day, 7 days per week, and was on his feet most of the time. Plaintiff purchased a laundromat in 1960, after disposing of the root-beer stand. The investment in the laundromat was approximately $15,000.00. He operated this business for approximately seven months. This business failed and was considered a complete loss on June 30, 1961. He claims that he has been unable to work since that time due to the previous spinal injury.

This cause was before this Court on one other occasion and was remanded for the purpose of taking additional evidence. Prior to that time the only evidence in the record was that of Dr. Slocum, the plaintiff's orthopedic surgeon. In general, he found that the fusion was solid and that the remaining back showed generalized osteoarthritic changes in the spine. The remainder of the medical evidence in this case was introduced subsequent to the remand. In general, the doctors agree that the lumbar spine appeared normal, that the fusion was solid, but that the plaintiff had certain arthritic changes. A consulting neurological surgeon examined plaintiff in February, 1964. He reported that he was unable to explain the plaintiff's complaints of pain on the basis of any neurological disorder or on the basis of an orthopedic impairment. Dr. Murray, Chief of the Orthopedic Clinic at the University of California Medical Center, concluded that plaintiff had a solid fusion, with no neurological deficit, no significant mechanical damage to his body and no significant pathological cause for the alleged pain.

Without going into further detail, it seems that plaintiff's claim of disability centers almost exclusively on his complaints of pain, and not to any general or precise physical condition. None of the doctors were able to explain the pain. One of plaintiff's orthopedists did not think that physical therapy would be of permanent benefit and another one stated, after the plaintiff reported that he had been helped by medication, that the plaintiff was totally disabled. Another expert testified that physical therapy was valueless, in the absence of physical impairment and that the plaintiff did not have any impairments calling for therapy.

■ Although I have difficulty in finding any significant difference in the diagnosis of the doctors, or any conflict in their findings, if, in fact, such differences do exist, then it was up to the Appeals Council to resolve the differences

and having done so on the basis of substantial evidence in the record,[1] its findings must be upheld. Galli v. Celebrezze, 339 F.2d 924 (9th Cir. 1964).

█ Although pain, in and of itself, is recognized as a disabling factor for Social Security benefit purposes, Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963), it can constitute disability within the act, only if it is not remedial or is such as to preclude the individual from engaging in substantial, gainful activity. Mark v. Celebrezze, supra. The fact that an individual cannot work without some pain or discomfort does not necessarily satisfy the test of disability under § 416(i) (2) (A). Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963).

█ The record is undisputed that plaintiff worked for his former employer after his surgery and until he went into business operating his own root-beer stand, that he followed this venture by operating the laundromat, that he had not been treated by a doctor after he underwent his spinal fusions in 1956 and 1957, until he claimed inability to work after the laundromat failure. He is now ambulatory and drives an automobile under an unrestricted license. The plaintiff's ability to work under the circumstances just outlined is probably the best proof that plaintiff can work. Banks v. Celebrezze, 341 F.2d 801 (6th Cir. 1965); Brown v. Celebrezze, 347 F.2d 227 (4th Cir. 1955).

The detailed findings of the hearing examiner consisting of 22 pages of the record,[2] as adopted and approved by the Appeals Council, are supported by substantial evidence.

I can arrive at no conclusion other than that the defendant's decision in this case is fully supported by substantial evidence and should be affirmed.

It is so ordered.

1. Opinions of Doctors Baker, Benson and Murray.