Walter J. WOODS, Appellant,

v.

**Robert H. FINCH, Secretary, Department of Health, Education and Welfare.**

**No. 18458.**

United States Court of Appeals,
Third Circuit.

Argued April 21, 1970.

Decided July 1, 1970.

Thomas A. Swope, Jr., Swope & Swope, Ebensburg, Pa., for appellant.

Douglas D. McBroom, Asst. U. S. Atty., for appellee (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief).

Before GANEY, VAN DUSEN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Plaintiff appeals from an order of summary judgment, entered in favor of the defendant on October 2, 1969.

Plaintiff worked as a coal miner for 35 years, but was forced to discontinue his employment as a result of osteoarthritis and lung disorders contracted in the course of his employment. He applied for disability insurance benefits under the Social Security Act. The hearing examiner found that plaintiff had "possible early pneumoconiosis" and osteoarthritis of the lower lumbar region and the knees, but that

> "Despite any impairment or impairments suffered by the claimant, he retains a sufficient level of physical and mental function to carry out the duties of such available occupations as night parking garage or lot attendant, watchman, guard, clerk, retail sales clerk and cashier."

The Appeals Council denied review, and the present action was instituted. The District Court, after carefully examining the record, determined that the hearing examiner's findings were based on sub-

stantial evidence[1] and granted the defendant's motion for summary judgment.

 The hearing examiner concluded that plaintiff's respiratory impairment precluded heavy work under adverse conditions, "but not other forms of gainful activity," that his osteoarthritis of the back would not "prevent him from engaging in certain less arduous occupations than he once held," and that his osteoarthritis of the knees caused no work impairment. Plaintiff does not challenge these medical findings in this appeal, and in themselves those findings support the ultimate conclusion that the plaintiff could perform certain enumerated jobs that would not entail heavy physical exertion. In addition, a vocational expert testified, drawing from his own experience and the Dictionary of Occupational Titles, that plaintiff was qualified for "jobs that wouldn't require a lot of physical activity on his part."[2]

In 1967, Congress amended the Social Security Act to provide that an individual would be eligible for disability benefits

" * * * only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * * '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where [an] individual lives or in several regions of the country." 42 U.S.C. § 423(d) (2) (A) (Supp. IV 1965–1968).

While this court has stated that this restrictive language imposes a "very harsh" burden upon applicants for disability benefits, it is clear that we are bound by its wording. Gentile v. Finch, 423 F.2d 244, 248 (3rd Cir. 1970).

 Reviewed in the restrictive context of the 1967 amendment, we hold that the hearing examiner's findings of fact were supported by substantial evidence and disability benefits were properly denied. The October 2, 1969, judgment of the District Court will, therefore, be affirmed.

---

1. 42 U.S.C. § 405(g) provides that in a district court action reviewing the determination of the Secretary to deny benefits, the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." See, e. g., Palmer v. Celebrezze, 334 F.2d 306, 308 (3rd Cir. 1964).

2. The hearing examiner was justified in receiving the testimony of the witness Pardini as a qualified expert. This vocational expert testified that such jobs as night parking garage attendant, grocery store cashier, and funeral parlor night watchman could be performed by plaintiff and were available within a 25-mile radius of plaintiff's home.