Arthur C. **KROENEKE**,
Plaintiff,

v.

Elliot L. **RICHARDSON**, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 72–325.

United States District Court,
D. Oregon.

Sept. 18, 1973.

---

Kenneth W. Stodd, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Or., for defendant.

### OPINION

BELLONI, District Judge:

Arthur C. Kroeneke has brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare disallowing plaintiff's application for the establishment of a period of disability and for disability benefits under §§ 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423.

The claimant filed for disability benefits alleging that he was unable to work because of a back injury. The action comes to this court following the Appeals Council approval of the decision of the Administrative Law Judge denying benefits.

The issue on appeal to this court is whether there is substantial evidence in the record to support the decision of the Secretary that plaintiff is not entitled to a period of disability and to disability insurance under the Act.

■ The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and must be sufficient to justify a refusal to direct a verdict were the case before a jury. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939); Williams v. Richardson, 453 F. 2d 397 (9th Cir., 1971).

■ The claimant has the burden of proving that he is entitled to disability under the Act. He must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve months . . ." 42 U.S.C. § 423(d)(1)(A).

Claimant complains of pain in his upper and lower back and also in his knees. Based on substantial testing, Dr. Rankin, the orthopedic surgeon in this case, has concluded that claimant's functional capacity to perform stooping, repetitive bending and lifting and rapid and sudden change of his trunk position are impaired as are repetitive motions involving reaching over head. However, Dr. Rankin believes that claimant's ability to stand, sit and walk on an alternative basis for short periods is not impaired. The doctor concludes, "It is my impression that the patient is physically capable, from a strict orthopedic standpoint, to perform a sedentary type of occupation on a sustained basis."

■ Evidence of physical impairment is not enough to warrant an award of disability insurance benefits since the plaintiff must be precluded from engaging in any substantial gainful activity because of such impairment. Robles v. Finch, 409 F.2d 84 (1st Cir., 1969). The mere presence of functional impairment is not enough. Waters v. Gardner, 452 F.2d 855 (9th Cir., 1971). The evidence in this case suggests that plaintiff could engage in some light or sedentary type of employment.

[4] The Secretary was permitted to take administrative notice of light jobs claimant can do. Chavies v. Finch, 443 F.2d 356 (9th Cir., 1971). In addition, there is in the record, a study of jobs available in the general area in which claimant resides from which the Appeals Council made a specific finding that claimant could engage in certain types of occupation.

■ The inability of claimant to work without some pain or discomfort does not necessarily satisfy the test for disability under the Act. Garboden v. Secretary of Health, Education and Welfare, 258 F.Supp. 370 (D.Or., 1966). While it can not be doubted that claimant suffers from some pain or discomfort, the evidence does not prove that such pain is so substantial as to render claimant disabled from engaging in any substantial gainful activity.

■■ On March 21, 1970, claimant began receiving 100% benefits from the Veterans Administration. Since the requirements of the Veterans Administration differ from those of the Social Security Act, a finding of disability under the former program is not binding on the Secretary. Gee v. Celebrezze, 355 F.2d 849 (7th Cir., 1966). While the Secretary should consider medical evidence developed by the Veterans Administration, he is required to reach his own conclusion as to whether or not for purposes of the Social Security Act a person is disabled. 20 CFR 404.1525.

■ There is substantial evidence to support the findings of the Administrative Judge. The decision of the Secretary is affirmed. This opinion shall serve as a findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).