**W. J. LENHART, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. LV 74–91 RDF.**

United States District Court,
D. Nevada.

Aug. 29, 1975.

James E. Rogers, Las Vegas, Nev., for plaintiff.

Lawrence J. Semenza, U. S. Atty., by William B. Terry, Asst. U. S. Atty., Las Vegas, Nev., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROGER D. FOLEY, Chief Judge.

This is a suit by the Plaintiff against the Secretary of Health, Education and Welfare under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary denying the Plaintiff's application for the establishment of a period of disability under § 216(i) of the Act (42 U.S.C.

§ 416(i)) and for disability insurance benefits, as provided by § 223 of the Act (42 U.S.C. § 423).

Plaintiff applied for a period of disability and disability benefits on October 12, 1972, alleging that he had been unable to work since June 13, 1972, because of a back injury. This application was denied initially and upon reconsideration by the Bureau of Disability Insurance of the Social Security Administration. Plaintiff then applied for and received a hearing on his application before an administrative law judge. The judge ruled on November 2, 1973, that Plaintiff was not entitled to a period of disability or disability benefits. This decision became the final decision of the Secretary of Health, Education and Welfare on February 18, 1974. Plaintiff filed this suit on June 25, 1974, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).[1] Defendant moved for summary judgment on April 25, 1975. Both parties waived oral argument on this motion.

The only issue before this Court is whether the Secretary's findings are supported by substantial evidence; if they are, the findings are conclusive. 42 U.S.C. § 405(g); 5 U.S.C. § 706(2)(E). Finding 2 of the Hearing Examiner's decision (Tr. at 22), if supported by substantial evidence, would be sufficient to deny Plaintiff's application for a period of disability and disability benefits.[2]

The term "disability" is defined as:

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

1. Although Plaintiff did not file this suit within the 60-day period required by § 205(g), this Court has jurisdiction pursuant to an order of the Appeals Council, DHEW, dated August 14, 1974, providing for an "Extension of Time within which to File a

Civil Action" (Transcript of Administrative Proceedings at p. 3).

2. Finding 2 reads: "At no time through the date of this decision has the claimant been under a disability within the meaning of the Act."

continuous period of not less than 12 months; (42 U.S.C. § 423(d)(1)(A))

\* \* \* \* \* \*

(2) For purposes of paragraph (1)(A)—

(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence . . ., "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. (42 U.S.C. § 423(d)(2)(A))

These definitions were part of the 1967 Amendments to the Social Security Act, designed by Congress to reemphasize the importance of medical factors in the disability determination. See Senate Report No. 744, 90th Congress, 1st Session, *quoted in* 1967 U.S.Code Cong. & Admin.News pp. 2834, 2880–2883.

From these definitions, it is clear that two findings must be made before an individual is entitled to any disability benefits: (1) that there is a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of 12 months; and (2) that this physical or mental impairment prevents the individual from engaging in any substantial gainful employment.

The evidence is clear that Plaintiff suffers from a physical impairment which has lasted for a continuous period of 12 months, i. e., "1 plus spondylolysis at the L–4/L–5 level" (opinion of the Hearing Examiner, Tr. at 20, referring to the report of Dr. Aaron Zivot). See the medical reports of Dr. Theodore Jacobs (Tr. at 99–100), Dr. Aaron Zivot (Tr. at 101–102), and Dr. Sam LaMancusa (Tr. at 109–111). His impairment was diagnosed as an acute lumbosacral back strain by Dr. Jacobs and as a low back syndrome by Dr. LaMancusa. The Hearing Examiner found that "Without any significant dispute, therefore, the medical evidence establishes that the claimant has an impairment to his back which precludes him from performing heavy lifting or excessive bending." (Tr. at 21) The only question in dispute here, then, is whether the Secretary's finding that this impairment does not render Plaintiff unable to engage in employment involving light tasks is supported by substantial evidence.

Numerous cases have considered the question of whether a claimant is unable to engage in any substantial gainful employment because of his or her impairment. See 22 A.L.R.3d 440, including the Later Case Service reflecting the 1967 Amendments: Annotation—Necessity and sufficiency of showing that "substantial gainful activity" is available to disability claimant under Federal Social Security Act; 81 C.J.S. Social Security §§ 44.1–44.11 (particularly § 44.3, "Ability to Perform Other Work"), Social Security, 1975 Cumulative Annual Pocket Part.

The Ninth Circuit has followed a strict interpretation of the 1967 Amendments. In *Torske v. Richardson,* 484 F. 2d 59 (9th Cir. 1973), the Secretary appealed from a district court order granting disability benefits to the claimant. The Ninth Circuit reversed this order, finding substantial evidence to support the hearing examiner's conclusion that the claimant could do light work, notwithstanding the limitations on the use of her right arm, and that such work existed in the region in which she lived. The district court had held that considering a labor market 70 miles from claimant's home was not proper; that

employment as a night clerk or cashier was improbable because she could neither write nor lift; and that employment as a telephone solicitor was improper. The Ninth Circuit commented:

> However humane and rational these observations may be, the statutory definition of "disability" was specifically narrowed to correct court decisions that the Congress considered to be too liberal (citation omitted). Work of a reasonable character is not the proper criterion to the determination whether a claimant is disabled, the job area is not confined to the claimant's locality, and *the relevant inquiry is* not whether the claimant is able to obtain employment at some substantial activity that exists in the national economy but *whether the claimant is able to engage in such activity* (citations omitted) (emphasis added). 484 F.2d at 60.

In *Sorenson v. Weinberger,* 514 F.2d 1112 (9th Cir. 1975), the Ninth Circuit reversed a district court order granting disability benefits to the claimant. The Court stressed that the Social Security Act is not an unemployment compensation act, commenting that "Congress in 1967 substituted the 'ability-availability' standard for a 'hire-ability standard' which had emerged by case law." 514 F.2d at 1118. Other courts have recognized that this standard is a difficult one for claimants to meet. See *Woods v. Finch,* 428 F.2d 469 (3d Cir. 1970): "While this Court has stated that this restrictive language imposes a 'very harsh' burden upon applicants for disability benefits, it is clear that we are bound by its wording." 428 F.2d at 470.

■■ Thus the burden on the Secretary in this case is not to show that Plaintiff would have a reasonable chance of being *hired* in some substantial gainful activity; the Secretary need show only that Plaintiff has the *ability* to perform some substantial gainful activity. The Court finds that there is substantial evidence in the administrative record to support the Secretary's finding that Plaintiff was able to perform light jobs which exist in the national economy; therefore, Plaintiff at no time prior to the date of the hearing examiner's decision was under a disability as defined in 42 U.S.C. § 423(d).

Plaintiff's own statements at his hearing before the administrative law judge indicate his ability to perform light jobs. He indicated that his back problem does not hinder his performance of daily activities, including walking his dogs, cooking, and doing the grocery shopping (Tr. at 48–49). He worked on a construction job for four days in May, 1973, eleven months after his injury, terminating because of a dispute with union officials (though Plaintiff does add that he was going to quit anyway because of his back) (Tr. at 50–51). Plaintiff stated that he can do work as a salesman but was being turned down after applying because of his age (Tr. at 57). Since the standard for eligibility for disability benefits is the ability to engage in substantial gainful activity, and not the hireability of the particular claimant, Plaintiff's own statements show that he does not meet the standard.

In addition to these statements, the evidence from the medical experts who examined Plaintiff indicate that he has the ability to perform light tasks. A letter from Dr. Aaron Zivot states:

> Mr. Lenhart does have disability as [described] above and apparently does not plan to return to his former construction type work. He is hoping to make arrangements to do some commercial fishing, where he thinks he can have a set up where heavy lifting and bending will not be required of him. Tr. at 102.

A progress note from Dr. Zivot on January 11, 1973, states:

> Mr. Lenhart returned to me on October 10, 1972, at which time he was doing well. The corset that I ordered for him and which he was wearing was apparently relieveing (sic) his pain, and he stated at that time that

it has also relieved his head aches . . . [On November 28, 1972,] I advised [him] that, of course, there was nothing to do with him medically and, or (sic) surgically . . . Tr. at 113.

Dr. Theodore Jacobs wrote on November 29, 1972, that

It is my feeling that the patient [Mr. Lenhart] should not lift any object over eight to ten pounds in weight at any time in the future. However, he may be rehabilitated for any type of job that does not require this limitation of lifting. Tr. at 100.

The Court finds, then, that there is substantial evidence to support the Secretary's finding that Plaintiff was not disabled under the definition provided in the Social Security Act. The Secretary may take notice that there are numerous light jobs existing in significant numbers throughout the national economy which Plaintiff has the residual capacity to perform. *Chavies v. Finch*, 443 F.2d 356, 358 (9 Cir. 1971).

■ The Court recognizes that an individual in Plaintiff's position is in a difficult situation regarding employment in a tight labor market. His age, lack of experience in sedentary activities, and education of many years ago do not make him a prime candidate for employment from an employer's point of view. Plaintiff has shown that he has made numerous efforts to obtain employment; these efforts have been unsuccessful, and any further efforts may also be unsuccessful. But as long as it is not Plaintiff's disability which renders him unable to work at these jobs, Plaintiff is not entitled to disability benefits under the Social Security Act. Prior to 1967, the Court may well have reached a different decision under the hireability standard. But the Congressional intent is clear, and the Ninth Circuit and other courts have followed this intent. The Social Security Act is not an unemployment compensation act. *Sorenson v. Weinberger*, 514 F.2d 1112, 1117 (9th Cir. 1975).

The record shows that the Secretary's findings are supported by substantial evidence.[3] His findings, then, are conclusive. Since there is no material question of fact presented, and since the defendant is entitled to judgment as a matter of law, defendant's motion for summary judgment is granted. Findings of fact and conclusions of law have not been stated separately but are contained in the body of this order as authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

---

3. This determination by the Secretary, of course, concerns only the disability application of the Plaintiff. Plaintiff may still be entitled to other Social Security benefits. See transcript at 70: "According to your present earnings record and the date of birth you gave us, you have enough credit for work under social security to qualify you for retirement benefits at age 62."