**Lillian R. JOLLY, Plaintiff-Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 75–1737.**

United States Court of Appeals, Fifth Circuit.

Feb. 17, 1976.

Thomas G. Keith, Legal Aid Society, Huntsville, Ala., for plaintiff-appellant.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Alvin N. Jaffe, HEW, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

The claimant applied for a determination of a period of disability and for Social Security disability benefits. Following a hearing in September 1972 at which claimant was not represented by counsel, the Administrative Law Judge ("ALJ") found in March 1973 that she was not disabled within the meaning of the Act. Claimant requested reconsideration, which was denied. Upon subsequent review the Appeals Council approved the ALJ's decision in June 1973.

Appellant, through counsel,[1] sought judicial review by filing a complaint in the United States District Court. In that court, and before an answer had been filed, the Secretary moved that the case be remanded to him pursuant to 42 U.S.C. § 405(g) on the ground that he wished to take further administrative action to secure additional evidence not previously considered. The motion was granted in October 1973 by an order which remanded the case to the Secretary "for further administrative action." The order did not direct that the Secretary conduct a hearing.

The Appeals Council desired medical evaluation of claimant's alleged cardiac

---

1. From the Legal Aid Society of Madison County, Alabama.

impairment. At the request of HEW and at its expense she was given a consultative examination and evaluation by Dr. Anderson, who submitted a lengthy written report accompanied by underlying data and a statement of his professional qualifications. Copies of Dr. Anderson's report and qualifications were sent to claimant's counsel for his examination and comments before their admission into the record, and counsel was given ten days to submit comments and additional documents. HEW also filed as additional evidence the report of another doctor, who had seen claimant from late May to early July of 1973. His report, though dated July 5, 1973, had not previously been submitted as evidence. A copy of this too was sent to claimant's counsel.

[1, 2] The attorney for claimant, citing regulations, took the position that an evidentiary hearing was required for "the taking of additional testimony." HEW declined to require a hearing, and claimant's counsel then filed an affidavit from claimant and a written statement from another doctor which tended to show that she was disabled. The Appeals Council, with this additional evidence before it, concluded that the claimant was not disabled. The Secretary then filed an answer in the District Court and a transcript which included the original proceedings and the additional evidence secured on remand and the correspondence with claimant's counsel concerning the proceedings on remand. The District Court affirmed the decision.

We cannot say that claimant did not have a full and fair hearing before the ALJ. She did not have counsel, but the ALJ did not fail in his duty to sufficiently inquire into the relevant facts. Claimant's major complaint in this regard concerns a finding by the ALJ that claimant had sought work in a textile mill similar to that she had previously performed but had found it only availa-

ble in a "learning program" and had rejected that as too menial. We agree with claimant that the ALJ may have misunderstood claimant's testimony, which is consistent with an interpretation that she was not offered a learner's job.[2] The matter of the reason for not getting the job was, however, merely tangential. The ALJ considered it in connection with his view that claimant's efforts to find work showed that she felt that she was able to work.

The regulations did not require a hearing, oral testimony, and right to cross-examination on remand of the case to the Secretary. As we perceive the scheme for determination and review created by interplay of statute and regulations the determination of a Social Security claim is "final" at each stage unless the case is moved to the next level by the dissatisfied party. As provided by 20 CFR § 404.908,[3] the initial determination made in this case was not "final" because it was reconsidered pursuant to § 404.910–.916. Under § 404.-916 the reconsidered determination was not final because the claimant requested a hearing in accordance with § 404.918. After hearing, the ALJ issued his decision, which was not final because claimant, pursuant to § 404.945, requested review by the Appeals Council. The Appeals Council reviewed the decision, and its decision was not final because a civil action was filed in the District Court. § 404.951. The Secretary, before filing an answer in the District Court, moved to remand as permitted by statute, 42 U.S.C. § 405(g), to take further administrative action to secure additional evidence. The motion was granted without the District Court's ordering a hearing by the Secretary.

On remand the case was back before the Appeals Council, having never become final. When a case is before the Appeals Council for review it may call for additional material evidence to be received through an ALJ or a member of

---

2. In claimant's affidavit filed with the Appeals Council on remand, this interpretation is asserted to be what actually occurred.

3. All subsequent CFR references are to Tit. 20 thereof.

the Appeals Council. § 404.949. Notice is given to the parties that evidence will be received and they are given an opportunity to comment on the evidence and to present evidence. *Id.* This regulation, § 404.949, does not provide for a hearing and oral testimony.[4] Once the Appeals Council, on remand, entered another decision, that decision was not final. The remand from the District Court is a limited one, subject to the requirement of 42 U.S.C. § 405(g) that additional or modified findings be filed with the court to be reviewed. The subsequent judgment of the District Court imparted finality. 42 U.S.C. § 405(g).

■ The procedure is otherwise once an order has become final. It may be reopened and revised for reasons and within the time periods prescribed by § 404.957. See § 404.956. If a revision in the previously final order is made, notice of revision must be given to the parties, who have a right to hearing. § 404.961–(a) and (b). If revision is not made but merely proposed and would be based upon evidence not of record, the parties must be given notice of the proposed revision and a hearing provided. § 404.961(c). Here we are concerned with whether these provisions relate to the Appeals Council's power, when it has the matter before it (originally or by remand) and there is no final order whose finality is to be set aside, to supplement the record without a hearing (but with notice, opportunity to comment and opportunity to offer other evidence). As we construe these provisions they do not relate to the situation where the order has not become final. Thus we conclude that the regulations were complied with.

This brings us to the contention that the United States Constitution required a hearing, oral testimony, and cross-examination when the Appeals Council called for additional evidence. Claimant does not contend that procedural due process requires these safeguards in every case but does contend that they are required in the circumstances of this case. She asserts that the Secretary asked that the case be remanded "in order to have the plaintiff submit to extensive physical tests *designed to disprove plaintiff's claim*" (emphasis added), that she was indigent and could not secure at her expense a full panoply of examination, tests and reports that might serve to refute the report (and the underlying data) from Dr. Anderson, who made the consultative examination on remand at government expense, therefore, her only available recourse was to subpoena Dr. Anderson and cross-examine him.[5]

Nothing in the record supports the hypothesis that the remand was for the invidious purpose stated by claimant. The Appeals Council's decision after remand states that remand was requested for the purpose of obtaining medical evaluation of claimant's "alleged cardiac impairment." The record, as it stood prior to remand, would have required the District Judge to affirm the Secretary's finding of no disability. There was then substantial evidence that claimant was not disabled within the meaning of the Act, and no substantial medical evidence that she was disabled from a cardiac condition. Claimant testified that Dr. Hamm had found she had a heart condition and prescribed one digitalis tablet a day and told her to stay in bed for two weeks. The only other information that might even arguably have come from Dr. Hamm, (who, it was stated, was about to retire) consisted of someone's handwritten notation on a bill

---

4. The same procedure for securing additional evidence is available to the Appeals Council when the case before it is one certified to it by the ALJ. § 404.943. When the Secretary moves to remand, the District Court, "for good cause shown" may order additional evidence to be taken before the Secretary, in which event a hearing would be required. No such "good cause" order was entered in this case.

5. The written statement furnished by claimant on remand was only a brief letter from a doctor stating in conclusory terms that claimant was disabled.

from his office for an office visit saying "kidney infection and pulse irregular." However, the ALJ stated at the hearing that he had told claimant he intended to secure a report from Dr. Hamm, that he would obtain such a report and submit it to the vocational witness for his consideration. Subsequently the ALJ closed the record and entered his decision. Before he closed the record the ALJ put in the record a statement concerning Dr. Hamm's qualifications, but the record contains no report from Dr. Hamm. These facts do not support the inference that the Appeals Council's motive in moving for remand was to disprove claimant's case. She had made out no case. If any inference is justified it is that the Appeals Council, faced with the fact that the ALJ had promised to secure additional evidence from Dr. Hamm, that no such evidence appeared, and that possibly Dr. Hamm had retired, acted affirmatively to supplement the record with respect to claimant's unsupported assertion of a heart disorder.[6]

Additionally, with respect to the claim of denial of the opportunity to cross-examine Dr. Anderson, the letters of claimant's attorney to the Appeals Council referred to his desire to present new and additional testimony but did not request cross-examination of the examining physician.

Affirmed.

---

**6.** Under the circumstances set out above, we do not consider the unexplained absence of further information from Dr. Hamm to be a breach of the duty of the ALJ to inquire into the relevant facts.

