Elizabeth A. HEISNER, Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Appellee.

No. 76–1128.

United States Court of Appeals,
Eighth Circuit.

Submitted July 14, 1976.

Decided July 23, 1976.

Rehearing Denied Aug. 10, 1976.

John L. Sullivan, St. Louis, Mo., for appellant.

Donald J. Stohr (former U. S. Atty., Barry A. Short, U. S. Atty.), and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

In this appeal petitioner-appellant Elizabeth A. Heisner seeks review of the decision of the district court upholding the determination of the Secretary of Health, Education and Welfare that petitioner was not entitled to social security disability benefits. Petitioner acknowledges that she failed to establish her claim by substantial evidence. However, she contends that her hearing before the administrative law judge was unfair for the reason that, by virtue of her defective mental condition, she was unable to understand the nature of the proceedings or her burden of proof. She requests a remand to the Social Security Administration in order that a fair hearing might be held and additional corroborating evidence presented.

Petitioner's evidence may be summarized as follows. Petitioner is a married, middle-age woman with three children. She has been the victim of epileptic seizures since the age of four, and her epilepsy has grown progressively worse with age. Serious seizures now occur at least twice a week. Medication is of some help to petitioner, but does not completely control the disease. At the present time, petitioner is unemployed and spends most of her time resting at home.

It is undisputed that petitioner last met the earnings requirement for disability benefits on September 30, 1948. Thus, it was incumbent upon her to show disability for a continuous period of 12 months or more beginning on or before this date. However, petitioner was able to submit no documentary evidence respecting the severity of her epilepsy on or before September 30, 1948. The three physicians who apparently treated her during this period are since deceased, and petitioner is unable to obtain any of her old medical records.

Petitioner's employment history shows that during the period 1940–1948 she held several clerical positions. However, she reports that she frequently missed work because of her illness, and that, with the severity of her seizures growing, she finally quit work altogether in 1948.

Although petitioner's decision to stop work may have reflected in part her worsening medical condition, it is not clear that this decision was dictated by her medical condition. Petitioner testified:

That's the time [1948] when he [my husband] told me, he says "I can support you." He says "What do you want to work for?" He says "You don't bring your check home anyway."

Moreover, although her condition has grown worse over the years, it apparently took a fairly marked change for the worse as a result of a 1965 automobile accident which necessitated brain surgery.

Petitioner's objection that the hearing was unfair centers on her contention that she failed to appreciate her right to be represented at the hearing and the burden of proof placed upon her. Particular atten-

tion is focused on the following exchange at the outset of the hearing:

[Administrative Law Judge]. Before we start, let me ask you, do you know that you have the right to be represented if you wanted to be?

I'm directing my question to Elizabeth. Do you know that you have a right to be represented if you want to be?

[Claimant] Yes, but they told me over at (unintelligible) they needed my doctor of 1948. My doctor is deceased and several doctors I had after are deceased.

[Judge] I'm not asking what doctors, I'm asking if you—

[Claimant] There's nobody that I would be able to get today that would—I'm not—that would lie for me and say exactly what I'd tell 'em to say. That'd know my condition. Cause I don't know no doctor that's a lawyer.

[Judge] Well, did you receive a notice about today's hearing?

[Claimant] Uh-huh.

[Judge] And on the back of that notice it tells you that you have a right to be represented.

[Claimant] Uh-huh.

[Judge] Now, did you either read that or did someone read it to you so that as of today, you know that you would be represented if you wanted to be?

[Claimant] Yes. (Unintelligible) read it to me.

Petitioner argues that this exchange indicated that she understood the concept of representation to mean medical witnesses on her behalf.

Finding substantial evidence to support the decision of the Secretary, the federal district court granted summary judgment for HEW. In so doing, the court rejected the claim that the hearing had been unfair. In addition, the court found wanting certain newly discovered evidence which petitioner had submitted. This newly discovered evidence was a record of petitioner's 1940 admission and treatment at Deaconess Hospital for a convulsive condition. The record disclosed a tentative diagnosis of epilepsy, and the fact that petitioner had been released after three days as "definitely improved." The court found this additional evidence "insufficient to offset the findings of the Secretary."

On this appeal, petitioner reiterates her contention that the administrative hearing was unfair. Further, she suggests that there is "evidence the claimant could have obtained corroborating evidence as to her worsening epileptic condition during the period that she was employed." Petitioner thus asks for a remand to the Social Security Administration in order that she might "make a full presentation by and through counsel now available."

It is difficult to be precise about petitioner's mental acumen. The hearing transcript reveals a woman not fully alert to the scope of the questions posed to her. Certainly her understanding of her right to representation was dubious.

The authorities recognize that an administrative law judge has responsibilities that go beyond those held by district court judges.

Although the burden is upon the claimant to prove his disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of a record where the adversary system prevails.

*Hess v. Secretary of HEW*, 497 F.2d 837, 840 (3d Cir. 1974). *See also* 20 C.F.R. §§ 404.926 & 404.927; *Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir. 1970). Further, the administrative law judge's nonadversarial duty may be enhanced when the claimant is not represented by counsel.

However, even though the administrative law judge's responsibilities may be enhanced when a claimant is not represented by counsel at the hearing, this lack of counsel would not affect the validity of the hearing unless the claimant demonstrates prejudice or unfairness in the proceeding. *See, e. g., Green v. Weinberger*, 500 F.2d 203, 206 (5th Cir. 1974); *Herridge v. Richardson*, 464 F.2d 198, 200 (5th Cir. 1972);

*Sykes v. Finch,* 443 F.2d 192, 194–95 (7th Cir. 1971). Thus, even should petitioner succeed in her argument that she failed to fully appreciate the nature of the administrative proceedings, she is not entitled to relief unless she can show how she was prejudiced in her attempt to prove disability.

In her appeal to the district court petitioner wholly failed to demonstrate prejudice. At the administrative hearing it was petitioner's burden to show the degree of severity of her epilepsy as it existed nearly thirty years ago. Petitioner acknowledges that the evidence she presented at the administrative hearing was inadequate to meet this burden. The "newly discovered" Deaconess report shows only that in 1940 she suffered a severe convulsive attack requiring hospitalization, from which she was "definitely improved" after three days. Counsel suggests the hope of finding more dispositive evidence, but points to nothing concrete.

The instant case is thus unlike *Hess v. Secretary of HEW, supra,* in which a remand was ordered in view of the failure to secure "readily obtainable information." There was no showing that there is readily obtainable information here. We therefore agree with the district court that petitioner is not entitled to a remand. Affirmed.