**Mack HALL, Sr., Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant-Appellee.**

**No. 77–2492.**

United States Court of Appeals,
Ninth Circuit.

Aug. 27, 1979.

Eva Halbreich, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Before CARTER and WRIGHT, Circuit Judges, and SOLOMON,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Mack Hall brought this action in the district court pursuant to 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying his application for Social Security disability benefits. Hall appeals from an order granting summary judgment in favor of the Secretary.

Because we conclude that the Secretary's findings are not adequate, we remand to the district court with instructions to direct the Secretary to make appropriate findings in accordance with this opinion.

Mack Hall worked as a counselor at a boys' home until June, 1974, when he quit because of physical ailments, including hemorrhoids, back problems, hypertension, and chest and leg pains. He was 50 years old and had two years of college training.

Hall filed for disability benefits in October 1974 without the assistance of a lawyer. His application was denied initially and on reconsideration by the Bureau of Disability Insurance. Hall requested a hearing before an administrative law judge but waived his right to appear personally.

The administrative law judge, considering the case de novo, found that appellant was not disabled on or before December 31, 1975, the date on which he last met the insured status requirements of the Act.

The Appeals Council, after reviewing additional medical evidence submitted by Hall, adopted the decision of the administrative law judge, making it the final decision of the Secretary.

Hall sought judicial review in the district court. He moved for summary judgment and, in the alternative, for remand to the Secretary to consider new evidence relating to his psychological problems. This consisted of a psychiatric evaluation submitted by a Dr. Valentine, indicating that Hall suffered from "depressive neurosis" that was "moderate to severe in intensity." [1]

The district court denied Hall's motions for remand and for summary judgment, and granted summary judgment in favor of the Secretary.

On appeal, Hall raises three issues: (1) that the Secretary, by not specifying what kinds of jobs Hall could perform with his physical limitations, failed to support the findings by substantial evidence; (2) that the district court abused its discretion in denying his motion to remand to the Secretary to consider new evidence; and (3) that remand was also warranted because he was prejudiced by the absence of counsel.

*Scope of Review*

■ Congress has mandated a very limited scope of judicial review of the Secretary's decisions granting or denying Social Security disability benefits. The Secretary's findings of fact are conclusive if supported by "substantial evidence." 42 U.S.C. § 405(g); *Benitez v. Califano,* 573 F.2d 653, 655 (9th Cir. 1978); *Walker v. Mathews,* 546 F.2d 814, 818 (9th Cir. 1976).

■ Applying this test, we must uphold the Secretary's determination that Hall is

_____

* Of the District of Oregon.

1. In his prognosis, Dr. Valentine stated that the patient's outlook was poor:

His overall level of functioning is distinctly marginal if not shaky. There is a risk of considerable secondary gain from his somatic preoccupations and these could be used to avoid unwanted demands upon him.

not disabled for the purposes of receiving disability benefits if we conclude that the findings are supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' " *id., citing Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and the Secretary applied the proper legal standards. *Benitez,* 573 F.2d at 655.

### Proof of Disability Under the Social Security Act

A disability is defined under the Act as an

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The statute requires, additionally, a showing that the claimant

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

*Id.* at § 423(d)(2)(A).

█ The burden of proving disability is on the claimant. *Rhinehart v. Finch,* 438 F.2d 920, 921 (9th Cir. 1971). Once he establishes a prima facie case of disability by showing that a physical or mental impairment prevents him from engaging in his previous occupation, however, the burden of going forward with the evidence shifts to the Secretary. *Cox v. Califano,* 587 F.2d 988, 990 (9th Cir. 1978); *Benitez,* 573 F.2d

at 655. The Secretary has the burden of proving that the claimant can engage in other types of " 'substantial gainful work which exists in the national economy.' " *Id.*

## I

### Adequacy of Administrative Law Judge's Findings

Hall's medical history indicates that he suffers from hypertension and persistent low back pain. His hemorrhoid problems have been corrected by surgery. Hall has arthritis in his legs and walks with the assistance of a cane.

An orthopedic surgeon, Dr. Dorfman, examined Hall and detailed his objective findings. Dr. Dorfman was of the opinion that Hall was capable of engaging in limited activities, including occasional stooping, kneeling, crouching, and bending, with full coordination ability in both hands. The only limitations noted were that Hall should not lift or carry more than ten pounds or stand or walk more than six hours.

Hall was also seen by Dr. Blacksmith, a general practitioner, who noted that she was treating Hall for a nervous condition, gastritis, arthritis, muscle spasm, extreme and persistent low back pain, and high blood pressure. The doctor noted subsequently that Hall suffers also from discogenic disease of the lumbosacral spine and chronic lumbosacral syndrome. She was of the opinion that Hall was unable to do any form of work. These two notes did not include any objective findings to support her conclusions.

The administrative law judge determined, on the basis of the medical evaluations but without the psychiatric report by Dr. Valentine, that Hall could not engage in strenuous activity and could not perform his previous work. He concluded, however, that Hall could hold sedentary jobs.

The record contains no report by a vocational expert. Nor is there evidence, other than the opinions of the examining physicians, of Hall's capacity to work and, specifically, what kinds of jobs, based on his age,

education and work experience, he is able to engage in.

Without further findings, the administrative law judge took administrative notice of the fact that sedentary jobs existed in significant numbers in the regional and national economies.

Hall challenges the adequacy of these findings. The issue before us is whether, in carrying the burden of showing that the claimant is able to engage in other substantial gainful employment, the Secretary must identify specific jobs which the claimant can do.

The government argues that the adequacy of the findings is supported by our decision in *Chavies v. Finch,* 443 F.2d 356 (9th Cir. 1971). This question has been addressed in the district courts, and we note some confusion in the interpretation of *Chavies.*[2]

In *Chavies* the hearing examiner (now the administrative law judge) determined that although the claimant was under a partial disability, he was able to perform light work not requiring significant physical exertion. A vocational expert testified that Chavies could perform the jobs of signalman, flagman, and parking lot attendant. The expert selected these jobs from the Dictionary of Occupational Titles on the basis of the medical evidence as to Chavies' physical capacities, as well as his age, education and skills.

Chavies, assuming that the Secretary had the burden of showing that such jobs were reasonably available to him, challenged the use of the dictionary as evidence of the availability of these jobs. The court rejected Chavies' argument, noting that the 1967 Amendments changed the law in this re-

spect. Under the Amendments, the Secretary no longer was required to prove that the work opportunities are actually available to that claimant. *Id.* at 357. The test was whether these jobs existed in the national economy in significant numbers.

In affirming the Secretary's denial of benefits to Chavies, the court stated:

> The testimony of the vocational expert is substantial evidence that Chavies is capable of engaging in substantial gainful activity which exists in the national economy. *Further, given the testimony of the medical experts that Chavies could perform light work, the Secretary would be permitted to take administrative notice that light work exists in the national economy.* See *Breaux v. Finch,* 5 Cir., 1970, 421 F.2d 687.

*Id.* at 358. (Emphasis added)

The government argues that this quoted language from *Chavies* relieves the Secretary from specifying certain jobs when the claimant has a residual capacity for light work, and permits the Secretary simply to take administrative notice that such jobs exist in the national economy. The same approach, it contends, should be applied when the claimant has a residual capacity for sedentary work.

To read *Chavies* as permitting the Secretary to take administrative notice that the claimant may engage in unspecified light or sedentary occupations, however, not only misstates the holding, but also ignores the context in which the court permitted administrative notice to be taken. A vocational expert enumerated three specific jobs that Chavies could perform. The court permitted the Secretary to take administrative

---

**2.** In *Chism v. Secretary of HEW,* 457 F.Supp. 547 (C.D.Cal.1978) and *Lightfoot v. Mathews,* 430 F.Supp. 620 (N.D.Cal.1977), *Chavies* was narrowly construed to permit administrative notice of the existence of specific jobs in the national economy, but both courts required the Secretary to make specific findings, based on expert testimony, as to particular jobs the claimant could perform. In *Gray v. Mathews,* 421 F.Supp. 364 (N.D.Cal.1976), *Lenhart v. Weinberger,* 400 F.Supp. 1093 (D.Nev.1975), *Kerr v. Richardson,* 387 F.Supp. 361 (E.D.Cal.

1974), and *Kroeneke v. Richardson,* 363 F. Supp. 891 (D.Ore.1973), the courts acknowledge *Chavies* as permitting the Secretary to take administrative notice that light or sedentary jobs existed in the national economy without requiring the Secretary to identify specific jobs. In most of these cases, however, the language is dicta because the record contained some reliable evidence of the kinds of tasks the claimants could perform, or the claimants had not even established a prima facie case of disability.

notice of the fact that these specific jobs existed in the national economy.

■ *Chavies* does not abrogate the Secretary's responsibilities with respect to social security claimants. A general statement that a claimant may engage in "sedentary" work, without testimony by a vocational expert who can identify specific jobs, absent other reliable evidence of the claimant's ability to engage in other occupations, does not satisfy the substantial evidence test.

It is incumbent on the Secretary at a minimum, to come forward with specific findings showing that the claimant has the physical and mental capacity to perform specified jobs, taking into consideration the requirements of the job as well as the claimant's age, education, and background. *See Smith v. Califano,* 592 F.2d 1235, 1236–37 (4th Cir. 1979); *O'Banner v. Secretary of HEW,* 587 F.2d 321, 323 (6th Cir. 1978); *Bastien v. Califano,* 572 F.2d 908, 912–13 (2d Cir. 1978); *Lewis v. Weinberger,* 515 F.2d 584, 587 (5th Cir. 1975); *Hernandez v. Weinberger,* 493 F.2d 1120, 1123 (1st Cir. 1974); *Garrett v. Richardson,* 471 F.2d 598, 603–04 (8th Cir. 1972); *Meneses v. Secretary of HEW,* 442 F.2d 803, 806–09 (D.C.Cir. 1971); and *Choratch v. Finch,* 438 F.2d 342 (3d Cir. 1971).

■ Ordinarily, the better method to demonstrate this is through testimony of a vocational expert. *See O'Banner,* 587 F.2d at 323; *Garrett,* 471 F.2d at 603–04. Although there is no per se rule that a vocational expert's evaluation is necessary, the Secretary must be diligent in developing the facts where, as here, the claimant was not assisted by counsel. *Cox v. Califano,* 587 F.2d at 991.

Because no such evidence appears in the record to permit the Secretary to recommend specific jobs that Hall is capable of performing, we remand so that the Secretary may reopen to offer whatever additional testimony is necessary to make the required findings.

## II
### *Remand for Consideration of New Evidence*

The courts may remand for the purpose of "order[ing] additional evidence to be taken before the Secretary" if "good cause" is shown. 42 U.S.C. § 405(g). Good cause is, significantly, not a difficult standard to meet.

[C]ourts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute.

*Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir. 1975), *citing Wray v. Folsom,* 166 F.Supp. 390, 395 (W.D.Ark.1958).

The district court determined that Hall's new evidence, consisting of Dr. Valentine's psychiatric evaluation, was of extremely doubtful relevance because it was based on an examination eight months after Hall's insured status had expired. We note, moreover, that the report contains no objective findings to suggest that Hall's present psychological problems are a result of a degenerative process that relates to the period of time when Hall was covered. *See Kemp,* 522 F.2d at 969. At most, it includes a self-serving statement by Hall that his anxiety and headaches plagued him while working at the boys' home.

■ The Act requires that a mental or physical impairment be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant's self-serving statement, unsupported by objective findings, does not satisfy the evidentiary requirement. Although mindful of the relaxed standard applied in evaluating the relevancy of new evidence, we require the claimant, at a minimum, to present evidence that would be probative of a mental or physical impairment.

■ We agree with the district court's determination that Valentine's report did

not raise a substantial question as to Hall's mental deficiency prior to December 31, 1975. There was no abuse of discretion in refusing to remand on the basis of this evidence.

### III

*Absence of Counsel as Grounds for Remand*

 Hall concedes that the absence of counsel alone would not be sufficient grounds for remand. *Cox v. Califano,* 587 F.2d at 991. The claimant must demonstrate prejudice or unfairness in the administrative proceedings to be entitled to relief by way of remand. *See Heisner v. Secretary of HEW,* 538 F.2d 1329 (8th Cir. 1976); *Jolly v. Mathews,* 526 F.2d 1264, 1266 (5th Cir. 1976); *Green v. Weinberger,* 500 F.2d 203, 206 (5th Cir. 1974).

 Hall advances several reasons why he was prejudiced by the absence of counsel at his administrative hearing. None deprived Hall of a fair hearing.

First, he contends that counsel would have advised him to attend the hearing so that the administrative law judge could observe his demeanor and his evident pain. Hall's claims of subjective pain, however, were well documented in the medical reports. Prejudice is not demonstrated by merely speculative eventualities.

Hall also contends that counsel would have advised him to proceed on psychological as well as the organic grounds claimed as a basis for disability. Although this may be true, Hall's subsequent failure to meet even a "good cause" showing on this claim, when represented by counsel, suggests that no prejudice has occurred.

Finally, Hall contends that because of his mental disorders, he did not intelligently waive his right to a hearing. His only substantiation of this is Dr. Valentine's psychiatric evaluation, which does not suggest that Hall's mental faculties were impaired or that his comprehension of information was inadequate. Moreover, even if Hall did not completely understand his right to representation by counsel, he would not be entitled to relief absent a showing of prejudice or unfairness in the proceedings. *Heisner,* 538 F.2d at 1331–32.

Remanded to the district court with directions to instruct the Secretary to make appropriate findings in accordance with this opinion.

SOLOMON, District Judge, concurring in part and dissenting in part:

I concur in the decision to reverse the determination that administrative notice of a claimant's ability to do light or sedentary work does not satisfy the Secretary's burden of proof. It must be shown that a claimant can do a specific job which involves "substantial gainful work [and] which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The opinion recognizes that there is no evidence that Hall is able to do any other job. Nevertheless, the case is remanded to the Secretary for additional findings or for the agency to present additional evidence on Hall's ability to do other work. Apparently Hall may be denied the privilege of introducing evidence, including evidence of a psychological disability, with the assistance of counsel.

I believe we should reverse and direct the entry of a judgment for Hall. But if we remand for further evidence we should permit Hall the opportunity, with the assistance of counsel, to introduce all relevant rebuttal evidence. *See Boyer v. Califano,* 598 F.2d 1117, 1119–20 (8th Cir. 1979).

I believe parts II and III of the opinion are dicta and unnecessary.