**Howard DEAN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–1615.**

United States District Court, W.D. Pennsylvania.

July 18, 1985.

---

Robert Peirce, Pittsburgh, Pa., for plaintiff.

Anthony Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff here unsuccessfully applied for Supplemental Security Income under the Social Security Act in May 1983. His application was denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration. He then appeared before an Administrative Law Judge who determined that he was not disabled because he could perform light work. The Secretary's decision became final when the Appeals Council affirmed the ALJ in May 1984. Plaintiff appealed this decision under 42 U.S.C. §§ 1383(c)(3) and 405(g). We now address the parties' cross-motions for summary judgment.

Plaintiff is 54 years old. He has an eighth grade education. He worked at a body shop from 1955 to 1972, repairing and painting damaged cars. From 1972 to 1981, when he last worked, he was self-employed in the same line of business.

Plaintiff argues that poor health prevents him from working and now keeps him virtually homebound. He suffers from recurrent chest pain caused by angina pectoris, and takes 50–60 nitroglycerin tables per week for relief. Record at 161. He has pulmonary emphysema that causes shortness of breath. Record at 230. He has chronic back pain resulting from osteoarthritis and degenerative disc disease. He has low blood pressure that at times produces light-headedness. He also suffers abdominal pain from a peptic ulcer. *Id.*

In his opinion, the ALJ acknowledged that plaintiff suffers from a severe combination of cardiovascular and musculoskeletal impairments. Record at 12. He nevertheless found that plaintiff's impairments did not meet the requirements listed in the Secretary's regulations. The ALJ also determined that, although he could not return to his past work as an auto body repairman, plaintiff had the residual functional capacity for light work.

At his hearing in October 1983, Mr. Dean satisfied his initial burden of showing that he could not return to his former occupation. Auto body repair is considered heavy work. It requires long periods of standing, dexterous use of hand held machine tools, and lifting parts such as fenders, doors, and bumpers weighing 20–100 pounds.

The ALJ agreed that these tasks were beyond Mr. Dean's abilities. Record at 13. The burden then shifted to the Secretary to show that plaintiff could perform other substantial gainful work which exists in the national economy. *See, e.g. Hall v. Secretary of HEW*, 602 F.2d 1372 (9th Cir. 1979). William Reed, a vocational expert, assisted the ALJ at the hearing. Mr. Reed testified that, at the light exertional level, plaintiff would be qualified to work as an auto body repair supervisor. Record at 58. As described above, the ALJ specifically found that plaintiff had the residual functional capacity to engage in light work. In her brief, the Secretary likewise argues Mr. Dean's fitness for light work.

Following the hearing, however, plaintiff submitted interrogatories to the vocational expert pinpointing Mr. Dean's limitations and again requesting an opinion. Record at 234. The expert, after consulting with the Administration's own experts, changed his mind; Mr. Dean is not capable of working as an auto body repair supervisor, the only light duty job identified for his level of skill. This would eliminate the Secretary's grounds for concluding that plaintiff can perform light work.

Furthermore, we find fault in the Secretary's evaluation of the medical evidence. In his opinion, the ALJ focused on Mr. Dean's lung and heart disease. This examination did not give sufficient weight to contradictory evidence or to plaintiff's impairments in combination. Plaintiff's chronic obstructive lung disease was established by x-rays taken in February 1983 by radiologist J. Mikita. Record at 117. Plaintiff testified that he could walk for no more than 20 minutes before becoming short-winded. Record at 33. The ALJ isolated this evidence by reciting that "the record is absent of any pulmonary medical findings that establish that claimant lacks the residual functional capacity for light work activity." Record at 13. This evidence should have been considered cumulatively with all other evidence.

The ALJ also relies heavily on the results of a tread mill stress test administered to Mr. Dean in October 1982. Record at 136. The results did not establish the usual signs of heart disease. This test was incomplete, however, because plaintiff developed severe chest pain after four minutes on the tread mill and was forced to stop. His doctor thus labeled the test "non-diagnostic". Record at 136. A tread mill test in May 1980 produced the same results; Mr. Dean stopped after one minute because of chest pain. Dr. M. Corpuz stated his negative findings, but added that "the workload was grossly inadequate and therefore no interpretation can be rendered." Record at 159.

Finally, the ALJ noted the opinion of plaintiff's treating physician that "Mr. Dean is completely and permanently incapacitated by coronary heart disease, degenerative disc disease, osteoarthritis of the spine, and chronic obstructive pulmonary disease." Record at 231. This conclusion does not bind the Secretary, 20 C.F.R. § 404.1527, and the ALJ did not consider it as such. This opinion nevertheless is supported in the record by medical signs and findings. *See, e.g.* respectively, record at 136, 185–6; 157, 182; and 117. These findings also lend credibility to plaintiff's subjective complaints of pain. Record at 31–33; 53. Accordingly, we do not find substantial evidence to support the Secretary's decision and we will reverse.