978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George A. HARGROVE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary; Louis W. Sullivan, M.D.,
Defendants-Appellees.
 No. 91-35897.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George A. Hargrove appeals pro se the district court's order granting summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). Hargrove contends that the district court erred by adopting the Secretary's conclusion that he was not disabled and, therefore, not entitled to Social Security disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment, and we will uphold the Secretary's decision to adopt the Administrative Law Judge's ("ALJ") denial of benefits provided that the ALJ's findings are supported by substantial evidence and the ALJ applied the correct legal standards. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 4
 Title II of the Social Security Act ("Act") provides for the payment of disability insurance benefits to mentally or physically disabled individuals who have contributed to the program. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 42 U.S.C. § 401. Title XVI of the Act provides for "the payment of disability benefits to indigent persons under the Supplemental Security Income ("SSI") program". Id. (citing 42 U.S.C. § 1382(a)). A disability is defined, under both titles of the Act as a "physical or mental impairment (or impairments) that is expected to result in death or to last for a continuous twelve-month period, and that prevents the ... [claimant] from engaging in substantial gainful work." Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir.1990) (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)); see also Bowen, 482 U.S. at 140.
 
 
 5
 The claimant has the initial burden of establishing disability by showing that the impairment prohibits her from doing her previous job. Drouin, 966 F.2d at 1257. The Secretary then has the burden of showing that the claimant can perform other sorts of jobs in the national economy. Id. "[T]he Secretary must take into account the claimant's residual functional capacity, as well as ... [his] age, education and last fifteen years of work experience." Terry, 903 F.2d at 1275. A vocational expert's testimony regarding the claimant's ability to perform other jobs, when supported by medical evidence of the claimant's abilities, can provide substantial evidence. See Sample v. Schweiker, 694 F.2d 639, 643-44 (9th Cir.1982); see also Hall v. Secretary of Health Ed. and Welfare, 602 F.2d 1372, 1377 (9th Cir.1979) (remand required where evidence insufficient to support the Secretary's finding that claimant could perform other jobs). The function of the vocational expert is "merely [to] translate factual scenarios into realistic job market probabilities." Sample, 694 F.2d at 643.
 
 
 6
 Here, Hargrove suffers from a condition known as dumping syndrome which requires him to have constant access to restroom facilities. Prior to the onset of his impairment, Hargrove worked as a truck driver and as an oil field roughneck; he also worked as a drug counselor and an investigator before becoming a truck driver. At the administrative hearing, the ALJ received medical evidence that Hargrove's lone limitation, as a result of his condition, was a need for ready access to a restroom. The ALJ also heard testimony from a vocational expert regarding Hargrove's ability to perform other jobs. The vocational expert testified that Hargrove had acquired transferrable administrative and investigative skills from his prior work. The expert further testified that, although he could not identify any particular job opportunities for Hargrove, there were approximately thirty non-profit agencies in the Anchorage area that Hargrove could work for in entry level positions leading to managerial or administrative duties. The ALJ made the following findings: Hargrove was not involved in substantial gainful activity; he had a medically severe impairment; the impairment was not equivalent to one of a number of listed impairment defining disability; he could not perform his prior work; he had acquired transferable administrative and investigative skills from his prior work; and the jobs for which he could make a vocational adjustment existed in significant numbers in the national economy.
 
 
 7
 Hargrove appears to contend that the evidence was insufficient because (1) he can no longer perform his previous job and (2) the vocational expert failed to identify specific types of available jobs. We disagree. Hargrove misconstrues the testimony of the vocational expert. The vocational expert did not state that Hargrove could perform his previous jobs, but rather, that he had the residual functional capacity to perform other jobs; this was supported by medical evidence. The vocational expert properly performed his discrete function of translating the factual scenario in Hargrove's case into realistic employment probabilities in the Anchorage area. See Drouin, 966 F.2d at 1258; Sample, 694 F.2d at 643. The testimony of the vocational expert regarding Hargrove's skills and opportunities for employment, combined with the medical evidence of his physical limitations, provided substantial evidence to support the ALJ's finding that Hargrove was not disabled. See Drouin, 966 F.2d at 1257; Sample, 694 F.2d at 642; cf. Hall, 602 F.2d at 1377. We uphold the Secretary's decision to adopt the ALJ's denial of benefits and affirm the district court's grant for summary judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3