**Ramon GONZALEZ, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

**No. 84–6325.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1986.

Decided March 18, 1986.

Martin Taller, Law Offices of Rucker & Taller, Anaheim, Cal., for plaintiff-appellant.

Gregg A. Frampton, Gary L. Floerchinger, Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before ANDERSON and PREGERSON, Circuit Judges, and SOLOMON,* District Judge.

* The Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

J. BLAINE ANDERSON, Circuit Judge:

Ramon Gonzalez ("claimant") appeals from the district court's summary judgment in favor of the Secretary of Health and Human Services ("Secretary"), denying disability benefits under Title II and Title XVI of the Social Security Act ("Act").

We vacate the judgment of the district court and remand the case to the Secretary for further proceedings.

Claimant was injured on December 5, 1978, while working as a cannery laborer. On November 30, 1979, claimant filed an application for Supplemental Security Income Benefits ("SSI"). The application was denied on January 3, 1980.

The Secretary affirmed the denial on April 21, 1980. Thereafter, the Claimant requested a hearing before an administrative law judge ("ALJ"). However, on October 2, 1980, prior to the hearing, the Claimant dismissed his request.

On April 15, 1981, the claimant (age 43) filed a new application for disability insurance benefits under Title II and for SSI benefits under Title XVI of the Act. The applications were denied, as were subsequent requests for reconsideration.

An administrative hearing was held on April 16, 1982. On May 4, 1982, the ALJ ruled that the claimant was not entitled to either disability or SSI benefits.[1] The claimant (age 45) submitted additional evidence and requested review by an appeals council of the ALJ's findings. On March 14, 1983, the appeals council affirmed Secretary's denial.

On May 3, 1983, claimant filed a complaint in the United States District Court for the Central District of California requesting review of the Secretary's decision. On February 24, 1984, the district court granted summary judgment for the Secretary.

Claimant now appeals from the district court's decision.

1. ALJ based his denial on Rule 201.23 of Table I of Appendix II of Subpart P & I of Regulations Nos. 4 and 16 of the Secretary's Regulations. (Medical Vocational Grids). 20 C.F.R. § 404.

This case requires us to determine whether the district court erred in granting summary judgment to the Secretary.

The standard of review of a district court's grant of summary judgment is *de novo*. *Nevada v. United States*, 731 F.2d 633, 635 (9th Cir.1984).

In our review of the district court's judgment, we need only decide (1) whether any genuine issues of material fact remain, and (2) whether the correct substantive law was applied. *Amaro v. Continental Can Company*, 724 F.2d 747, 749 (9th Cir.1984).

The burden of proving disability is on the claimant seeking benefits under the Social Security Act. However, once he establishes a prima facie case of disability by showing that a physical or mental impairment prevents him from engaging in his previous occupation, the burden of going forward with evidence shifts to the Secretary. The Secretary then has the burden of proving that the claimant can engage in other types of substantial gainful work which exists in the national economy. *Hall v. Secretary of HEW*, 602 F.2d 1372, 1375 (9th Cir.1979); *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir.1978).

We find that the claimant established a prima facie case of disability when he established that his physical impairment prevented him from engaging in his previous occupation. Therefore, the burden of proving that the claimant could engage in other types of substantial work shifted to the Secretary.

The record reveals that the ALJ determined, on the basis of medical evaluations alone, that although the claimant could not perform his previous occupation, he could still perform other occupations classified as "sedentary."

The Claimant argues that the district court erred when it interpreted the Secretary's language as implying that the claimant could perform a "full range" of sedentary work. We agree.

In *Hall*, 602 F.2d at 1377, we held: "It is incumbent on the Secretary, *at a minimum*, to come forward with specific findings showing that the claimant has the physical and mental capacity to perform specified jobs, taking into consideration the requirements of the job as well as the claimant's age, education, and background." (Emphasis added).

We also held that, "absent other reliable evidence of the claimant's ability to engage in other occupations, [a] general statement that a claimant may engage in 'sedentary' work, without the testimony of a vocational rehabilitation expert who can identify specific [alternative] jobs, does not satisfy the Secretary's burden." *Id.*

We find that the Secretary has not met his burden of establishing that the claimant is capable of performing other types of substantial gainful work, and, as such, the district court erred in its granting of summary judgment to the Secretary.

The claimant also contends that the Secretary erred by mechanically applying rule 201.23 of the Medical Vocational guidelines (grids). We agree.

Congress has mandated a very limited scope of judicial review of the Secretary's denial of benefits. We must uphold the Secretary's findings if supported by substantial evidence. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir.1978).

The record indicates that the Secretary relied on Rule 201.23 of the Medical Vocational grids to support his decision that the claimant was not disabled and capable of performing other substantial work. Rule 201.23 identifies claimants who (1) range in age from 18–44 years, and (2) are illiterate or unable to communicate in English, and (3) unskilled.

We have previously determined that "if the grids fail to describe *accurately* a claimant's particular limitations, the Secretary may *not* rely upon the grids *alone* to show the availability of jobs for that claimant." *Bellamy v. Secretary of Health & Human Services*, 755 F.2d 1380, 1383 (9th Cir.1985) (emphasis added); *see also Allen v. Secretary of Health & Human Services*, 726 F.2d 1470, 1472 (9th Cir.1984); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984).

It is incumbent upon the Secretary to decrease his reliance upon the grids in cases where the individual claimant's circumstances approach the upper limits of the grid's guidelines. We have held that "the better method to demonstrate [the claimant's abilities to perform substantial gainful work] is through testimony of a vocational expert." *Hall*, 602 F.2d at 1377; *see also O'Banner v. Secretary of HEW*, 587 F.2d 321, 323 (6th Cir.1978); *Garrett v. Richardson*, 471 F.2d 598, 603–04 (8th Cir. 1972).

Such methods should be used in cases, such as this, where the claimant's circumstances approach the upper limits of the grid guidelines. Since the Secretary failed to do so, we find that he has not met the burden required of him and remand so that he may do so.

We, therefore, VACATE the decision of the district court and REMAND so that the Secretary may reopen to accept whatever additional testimony is necessary to make the required findings.