21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney M. BROXSON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1994.*
Decided April 1, 1994.
 
 1
 Before: CANBY and T.G. NELSON, Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Rodney Broxson appeals from the district court's summary judgment affirming the decision of the Secretary of Health and Human Services to deny him disability insurance benefits. Broxson contends that the Secretary improperly weighed the opinions of treating physicians and improperly rejected Broxson's subjective complaints of pain. We disagree and affirm.
 
 I.
 
 4
 In order to obtain disability benefits, Broxson must demonstrate he was disabled prior to his last insured date (March 31, 1988). While acknowledging that Broxson's back pain significantly limited his ability to perform basic work activities during the relevant time period (August 1986 through March 1988), the administrative law judge (ALJ) found Broxson had the residual functional capacity to perform a limited range of light work. On review by the district court, the Secretary moved for, and was granted, summary judgment. We review de novo the district court's order upholding the Secretary's denial of benefits. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). "The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.1984) (citations omitted). Where the evidence supports more than one rational interpretation, we must accept the ALJ's conclusion. Id.
 
 II.
 
 5
 Broxson alleges the ALJ erred in rejecting the opinions of his treating physicians, Dr. Giesen and Dr. Shanks, and in relying on the opinion of Dr. Wiesenhutter. Generally, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986).
 
 
 6
 The ALJ met that burden here. First, the ALJ detailed the relevant medical records and reports of Dr. Wiesenhutter, Dr. Giesen, Dr. Shanks, and a panel of examining physicians, as well as the functional capacities examination conducted by a physical therapist. Second, the ALJ compared Dr. Giesen's opinion in May 1989 that Broxson had been disabled since March 1988 with Dr. Giesen's contemporaneous medical notes, as well as with the opinions and medical records of Drs. Wiesenhutter and Shanks. Ultimately, the ALJ rejected Dr. Giesen's opinion as inconsistent with his own earlier statements, contradicted by other physicians, and improperly considering nonmedical factors. While the treating physician's opinion is entitled to great deference, "that opinion is not necessarily conclusive of a physical condition or the ultimate issue of disability." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 7
 In evaluating the record, the Appeals Council found the ALJ's consideration of the opinion evidence was adequate. The Appeals Council noted that the May 1989 opinion of Dr. Giesen "does not refer to specific findings relating to the period on or before March 31, 1988 when the disability insured status requirements were last met." The Council also noted that Broxson was not seen by Dr. Giesen from October 28, 1987, until January 10, 1989, when Broxson developed right sciatica after moving tires at work.
 
 
 8
 We reject Broxson's argument that Dr. Wiesenhutter's opinion cannot be considered substantial evidence contradicting Dr. Giesen's opinion because he did not perform Broxson's back surgery or evaluate the MRIs. The ALJ accorded Dr. Giesen's opinion the requisite deference and the ALJ did not rely solely on the opinion of Dr. Wiesenhutter in discounting Dr. Giesen's opinion. We also reject Broxson's argument that Dr. Wiesenhutter's report does not really contradict Dr. Giesen's opinion. Dr. Wiesenhutter's opinion was that Broxson would need to be in a flexible work environment, where he would be allowed to move around when necessary, because he cannot stay in one position for very long. This opinion differs significantly from Dr. Giesen's opinion that Broxson had been disabled since March 1988.
 
 
 9
 Broxson points out that the ALJ incorrectly refers to Dr. Wiesenhutter as a treating physician, when he in fact was a consulting physician who saw Broxson at the request of the vocational rehabilitation department. However, the ALJ indicates earlier in his decision that Wiesenhutter in fact performed a "consultive examination." Even assuming the ALJ improperly weighed Dr. Wiesenhutter's opinions as those of a treating physician, the ALJ set forth legitimate independent grounds for the rejection of Dr. Giesen's opinion.
 
 
 10
 The April 20, 1990, letter of Dr. Shanks, in which he opines that Broxson "would probably have to be considered unemployable," was submitted after the ALJ rendered his decision. All the ALJ had before him were Dr. Shank's earlier observations that there were possible residual effects from scarring from back surgery and that Broxson tended to overreact somewhat to palpation. The Appeals Council considered the April 1990 letter and found it did not provide a basis for changing the ALJ's decision. We agree. Even if Dr. Shanks, who saw Broxson for a post-surgery consultation at the request of Dr. Giesen, is considered a treating physician, this letter reflects examinations that were not contemporaneous with the relevant disability period (August 1986 through March 1988). Dr. Shanks gave no opinion as to the onset date of Broxson's disability. In addition, the letter was drafted following the ALJ's adverse decision. See Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir.1989) (treating physician's letter indicating total disability during entire eligibility period "is all the less persuasive since it was obtained by Appellant only after the ALJ issued an adverse determination").
 
 III.
 
 11
 Broxson argues the ALJ erred by ignoring his testimony concerning pain that precluded an ability to stand and walk as required for light work. The ALJ found Broxson was not fully credible in describing his pain and his limitations and that his testimony did not support his allegations. "We require specific findings when an ALJ rejects a claimant's subjective allegation of pain." Matthews, 10 F.3d at 679 (internal quotation omitted). Evidence on which an ALJ can rely to find a pain allegation incredible includes: (1) testimony about the claimant's daily activities that are transferable to a work setting; (2) "unexplained, or inadequately explained, failure to ... follow a prescribed course of treatment," and (3) "ordinary techniques of credibility evaluation," including prior inconsistent statements regarding the claim of pain, or other "less than candid" testimony. Fair v. Bowen, 885 F.2d 597, 603, 604 n. 5 (9th Cir.1989).
 
 
 12
 The ALJ in this case articulated a sufficient basis for rejecting Broxson's pain testimony. The ALJ identified the following facts to support the rejection of Broxson's excess pain allegations:
 
 
 13
 --The findings on [the physical therapy] examination are significant because they indicate that the claimant was able to perform substantially more strenuous exertional work than he had previously alleged he could do. Thus, the claimant's inconsistencies in explaining his exertional limitations cannot be explained as being a part of a pattern of gradual deterioration.
 
 
 14
 --[T]he claimant has described differing pain symptoms throughout the application process.... At the hearing he alleged for the first time that he has suffered from a lack of memory and concentration. There is no indication in the medical records that the claimant has ever mentioned a problem with memory or concentration to his treating or examining physicians.
 
 
 15
 --The claimant has also been inconsistent in describing activities that aggravate his pain ... and has not suffered any serious side effects from pain medications.... Functionally, the claimant paints a picture of being much more limited than he was found to be by a physical therapist who evaluated his functional capacities.
 
 
 16
 --The claimant was very vague and evasive concerning the types of things he does during the day. In fact, throughout the application process he has provided few details on how he spends his time.... The claimant is obviously not housebound. He visits his friend at the restaurant three times a day. He is able to drive a car and has been involved in at least three attempts of on-the-job training.
 
 
 17
 The ALJ also noted Broxon's overreaction to palpation, Dr. Giesen's advice that Broxson walk for exercise, and Broxson's agreeing to several on-the-job training plans involving light exertional work. These reasons for rejecting Broxson's subjective complaints of pain are supported in the record.
 
 
 18
 Broxson also alleges error in the ALJ's use of the medical-vocational guidelines (grids), and failure to account for side effects of medication. The ALJ did not mechanically apply the grids, but rather relied upon them as a framework in conjunction with the testimony of the vocational expert. Cf. Rodriguez v. Bowen, 876 F.2d 759, 761 n. 5 (9th Cir.1989); Gonzalez v. Secretary, 784 F.2d 1417, 1419-20 (9th Cir.1986). While the ALJ did not list a numbered paragraph addressing side effects in the "findings" portion of the decision, he specifically stated in the "rationale" portion that Broxson "has not suffered any serious side effects from pain medications." This statement is supported in the record.
 
 
 19
 Broxson also complains generally about the ALJ's failure to include reference to side effects in the second hypothetical. A hypothetical need only contain those limitations and restrictions that are substantially supported in the record. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988). We find no error.
 
 IV.
 
 20
 The Secretary did not err in discounting Dr. Giesen's and Dr. Shank's opinions. There was no error in the rejection of Broxson's allegations of disabling excess pain. The Secretary's findings of fact are supported by substantial evidence, and are therefore conclusive. 42 U.S.C. Sec. 405(g); Vidal v. Harris, 637 F.2d 710, 712 (9th Cir.1981). Broxson has failed to demonstrate that the district court erred in granting summary judgment for the Secretary. The district court's grant of summary judgment is therefore affirmed.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3