Julia SAULSBERRY, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security Administration, Defendant.

No. CV 96–3220–RC.

United States District Court, C.D. California.

March 11, 1997.

MEMORANDUM DECISION
AND ORDER

CHAPMAN, United States Magistrate Judge.

Plaintiff Julia Saulsberry filed a complaint on May 6, 1996, seeking review of the Commissioner's decision denying her disability

benefits. The plaintiff filed a motion for summary judgment on October 24, 1996, and the defendant filed a cross-motion for summary judgment on December 23, 1996. The plaintiff's response was filed on January 22, 1997.

## BACKGROUND

### I

On January 6, 1993 (protective filing date), the plaintiff filed a claim for disability benefits under the Supplemental Security Income ("SSI") program of Title XVI of the Social Security Act, 42 U.S.C. § 1382(a), asserting an inability to work since June 7, 1991, due to back, leg and hand pain. (Certified Administrative Record ("A.R.") 34–37). The plaintiff's application initially was denied on May 13, 1993, and was denied following reconsideration on August 16, 1993. (A.R.45–49, 62–64). The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge ("ALJ") Gary Admire on December 1, 1994. (A.R.65–69, 252). At the hearing, the ALJ heard the testimony of the plaintiff and vocational expert Ruby Paparello. (A.R.252–69). On June 9, 1995, the ALJ issued a decision finding that the plaintiff is not disabled. (A.R.13–24). The plaintiff sought review by the Appeals Council; however, review was denied on March 25, 1996. (A.R.4–5, 8–9).

### II

The plaintiff was born on October 21, 1937; she is now 59 years old. (A.R.38). The plaintiff has a tenth grade education and past relevant work experience as a custodian and school bus driver. (A.R.71, 81).

The ALJ found that although the plaintiff cannot perform her past relevant work as a custodian or school bus driver, she can perform light work that does not require standing or walking for longer than an hour without an opportunity to sit for a few minutes. (A.R.23). In reaching this conclusion, the ALJ relied on the vocational expert's testimony that the plaintiff had acquired driving and map reading skills as a bus driver, and these skills are transferable to light work as

a messenger and delivery driver. (A.R.18, 264–68).

The plaintiff contends that the ALJ's decision is not supported by substantial evidence in that the ALJ erroneously relied on the vocational expert's testimony and incorrectly found that the plaintiff has acquired skills transferable to other occupations.

## DISCUSSION

### III

Pursuant to 42 U.S.C. § 405(g), the Court has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if her findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir.1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d ·842 (1971). It is "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.1988) (citations omitted).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the plaintiff's claims. *Torske v. Richardson*, 484 F.2d 59, 60 (9th Cir.1973) (per curiam), *cert. denied*, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *Harvey v. Richardson*, 451 F.2d 589, 590 (9th Cir.1971) (per curiam). The Court must consider the record as a whole, considering adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529–30 (9th Cir.1986). The Commissioner's decision should be upheld even if the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir.1984). The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g).

A person is "disabled" for the purpose of receiving benefits under the Social Security

Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 416.905(a). The plaintiff has the burden of establishing a *prima facie* case for disability. *Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir.1992) (citing *Gallant,* 753 F.2d at 1452).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed by the ALJ in a disability case. 20 C.F.R. § 416.920. In the **First Step,** the ALJ must determine whether the claimant is currently engaged in substantial and gainful activity; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 416.920(b). If the claimant is not currently engaged in substantial gainful activity, the **Second Step** requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 416.920(c). If the claimant has a "severe" impairment, the **Third Step** requires that the ALJ compare the impairment to those impairments in the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1; if the impairment meets or equals an impairment in the Listing, disability is conclusively presumed and benefits are awarded. 20 C.F.R. § 416.920(d). When the claimant's impairment does not meet or equal an impairment in the Listing, the **Fourth Step** requires the ALJ to determine whether the claimant has sufficient "residual functional capacity" despite the impairment or various limitations to perform his/her past work; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 416.920(e). The plaintiff has the burden of proving he or she is unable to perform past relevant work. *Howard v. Heckler,* 782 F.2d 1484, 1486 (9th Cir.1986). When the claimant shows an inability to perform past relevant work, a *prima facie* case of disability is established and, for **Step Five,** the burden shifts to the Commis-

sioner to prove that the claimant, based on his age, education, work experience and residual functional capacity, can perform other substantial and gainful work. 20 C.F.R. § 416.920(f); *Howard,* 782 F.2d at 1486; *Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir.1989); *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). "It is incumbent on the [Commissioner] at a minimum, to come forward with specific findings showing that the claimant has the physical and mental capacity to perform specified jobs, taking into consideration other requirements of the job as well as the claimant's age, education, and background." *Hall v. Secretary of Health, Educ. and Welfare,* 602 F.2d 1372, 1377 (9th Cir.1979) (citations omitted). In certain instances, the Commissioner is entitled to rely on the medical-vocational guidelines ("the Grids") to rebut the claimant's *prima facie* case of disability. 20 C.F.R. § 404, Subpart P, App. 2; *Gonzalez v. Secretary of Health & Human Servs.,* 784 F.2d 1417, 1419 (9th Cir. 1986). However, the Commissioner cannot rely on the Grids when the claimant suffers from nonexertional limitations; rather, the Commissioner must present the testimony of a vocational expert. *Perminter v. Heckler,* 765 F.2d 870, 872 (9th Cir.1985); Social Security Ruling 83–12, 1983 WL 31253, *1.

Applying the five-step sequential evaluation process, the ALJ determined that the plaintiff has not engaged in any substantial gainful activity since June 7, 1991. (Step One). The ALJ then found that the plaintiff has the following severe impairments: obesity, degenerative disc disease of the lumbosacral spine, osteoarthritis of both knees, carpal tunnel syndrome, diabetes mellitus with peripheral neuropathy, and hypertension. (Step Two). The ALJ further determined that the plaintiff does not have an impairment or combination of impairments that meets or equals any Listing. (Step Three). The ALJ then found that the plaintiff cannot perform her past relevant work as a custodian or school bus driver, but that she retains the residual functional capacity to perform light work [1] that does not involve standing or

---

1. Under Social Security Regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking

walking for longer than an hour without an opportunity to sit for a few minutes. (Step Four). Finally, the ALJ determined that the plaintiff has acquired the transferable skills of driving and map reading from her work as a bus driver, and that there are a significant number of jobs in the local economy she can perform. (Step Five). Therefore, the ALJ concluded that the plaintiff is not disabled. (A.R.24).

## IV

■ The ALJ based his conclusions that the plaintiff has acquired the transferable skills of driving and map reading, and thus, can perform a significant number of jobs in the local economy, including a messenger or delivery driver, on the testimony of the vocational expert. The vocational expert classified the plaintiff's prior work experience as a school bus driver under the Dictionary of Occupational Titles ("DOT")[2] no. 913.136–010,[3] and opined that the plaintiff, while working as a school bus driver, had acquired the "skills of driving a school bus, utilizing a road map and sometimes ... fill[ing] out daily reports." (A.R.263). She further testified that these skills are transferable to approximately 4,400 messenger and 4,000 delivery driver positions that the plaintiff could perform in the local economy.[4] (A.R.266–68).

The plaintiff contends that the ALJ erred in Step Five of the sequential evaluation analysis, in finding that she acquired skills in her past work as a bus driver that are trans-

ferable to the jobs of messenger and delivery driver. Specifically, the plaintiff argues that messenger and delivery driver jobs are unskilled, and thus, do not qualify under Social Security regulations as requiring transferable skills.

■ Social Security Regulation 82–41, 1982 WL 31389, defines a skill as the "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is **above the unskilled level** (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner." *Id.* at *2. (emphasis added). Thus, skills are not gained from performing unskilled work.

■ Further, a skill is transferable only if the work activities performed in past work "can be used to meet the requirements of **skilled or semi-skilled** [5] **work activities of other jobs or kinds of work.**" 20 C.F.R. § 416.968(d). (emphasis added). Therefore, "[s]kills are not transferable to unskilled work because, by definition, unskilled work requires no skills." *Terry,* 903 F.2d at 1277. *See also* 20 C.F.R. § 416.968(a) ("[U]nskilled work is work which needs little or no judgment to do simple duties that can be learned

---

or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).

2. The Dictionary of Occupational Titles is the Commissioner's primary source of reliable information. *Johnson v. Shalala,* 60 F.3d 1428, 1434 n. 1 (9th Cir.1995); *Terry v. Sullivan,* 903 F.2d 1273, 1276 (9th Cir.1990).

3. Unfortunately, DOT no. 913.136–010 does not exist. Rather, a school bus driver is classified under DOT no. 913.463–010. U.S. Dep't of Labor, *Dictionary of Occupational Titles,* 926 (4th ed.1991).

4. For a claimant to be considered disabled in Step Five, she must be unable to "engage in any

other kind of substantial gainful work which exists in the national economy[,] ... [which] means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). The number of positions reported by the vocational expert clearly is a significant number. See *Moncada v. Chater,* 60 F.3d 521, 524 (9th Cir.1995) (2,300 sedentary jobs in San Diego County and 64,000 nationwide meet the statutory requirements); *Barker v. Secretary of Health & Human Servs.,* 882 F.2d 1474, 1478–1479 (9th Cir.1989) (1,266 jobs are within the statutory parameters).

5. "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties.... [It involves] activities which are ... less complex than skilled work, but more complex than unskilled work." 20 C.F.R. § 416.968(b).

on the job in a short period of time," usually within 30 days.)

■ One feature of the DOT is to assign to each job a number that reflects its specific vocational preparation ("SVP") time, i.e., how long it generally takes to learn the job. *Terry*, 903 F.2d at 1276. Here, the vocational expert reported that the plaintiff's past relevant work as a school bus driver has an SVP of four, requiring preparation "[o]ver 3 months [and] up to and including 6 months." *Dictionary of Occupational Titles* at 1009. Thus, the plaintiff's past work as a school bus driver is not an unskilled position, and it is possible that the plaintiff developed transferable skills on that job.

■ The vocational expert testified that the plaintiff's driving and map reading skills are transferable to the positions of messenger and delivery driver.[6] (A.R.266–67). The jobs of messenger and delivery driver, as described by the vocational expert, are classified under DOT no. 230.663–010, and have an SVP of two.[7] *Dictionary of Occupational Titles* at 205. An SVP of two requires preparation of "[a]nything beyond short demonstration up to and including one month." *Id.* at 1009. Thus, an SVP of two "corresponds precisely to the definition of unskilled work embodied in SSA regulations." *Terry*, 903 F.2d at 1276. Therefore, the jobs of messenger and delivery driver are unskilled work, and any transferable skills the plaintiff may have are not transferable to these positions. *Id.* at 1277.

■ However, "[t]he DOT is not the sole source of admissible information concerning jobs." *Johnson*, 60 F.3d at 1435 (citing *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir.1994)). Rather, the DOT raises a rebuttable presumption as to a job classification, and "[a]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. Here, however, the vocational expert testified without explanation that the plaintiff could perform messenger work that she characterized as having an SVP of two or three.[8] Since the vocational expert provided no basis for her conclusion that some of the messenger jobs she described were semi-skilled positions, her testimony does not constitute persuasive evidence to support the ALJ's deviation from the DOT. Therefore, this Court concludes that the messenger and delivery driver jobs cited by the vocational expert are properly characterized as unskilled work, to which the plaintiff's skills cannot be transferred. *Terry*, 903 F.2d at 1278. Accordingly, the Commissioner's finding, in Step Five, that the plaintiff can perform other substantial gainful activity is not supported by substantial evidence.

## V

■ This Court has discretion to award disability benefits to plaintiff when there is no need to remand the case for additional factual findings. *Ghokassian v. Shalala*, 41 F.3d 1300, 1304 (9th Cir.1994); *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir.1988). "Generally, [the Court will] direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." *Varney*, 859 F.2d at 1399 (citations omitted); *Swenson*, 876 F.2d at 689. There are no outstanding issues here to preclude this Court from making a disability determination on the merits. Since the ALJ concluded that the plaintiff cannot perform her past relevant work as a custodian or school bus driver, and since the Commission-

---

**6.** The alternate titles for outside deliverer are courier and messenger. *Dictionary of Occupational Titles* at 205. The job duties of an outside deliverer require "[d]eliver[ing] messages, telegrams, documents, packages, and other items to business establishments and private homes, traveling on foot or by bicycle, motorcycle, automobile, or public conveyance." *Id.*

**7.** Since the vocational expert testified that the messenger and delivery driver positions occupy the same occupational category (A.R.267), this Court will analyze these two positions together.

**8.** An SVP of three requires "[o]ver one month [and] up to and including three months" to learn the job. *Dictionary of Occupational Titles* at 1009. Therefore, jobs having an SVP of three are considered semi-skilled work. *See* 20 C.F.R. § 416.968(a); SSR 82–41.

er has not met her burden of proving that there are other jobs that the plaintiff can perform, an award of benefits is appropriate. *Penny v. Sullivan,* 2 F.3d 953, 959 (9th Cir. 1993); *Perminter,* 765 F.2d at 872. This Court, therefore, grants plaintiff's motion for summary judgment, and awards disability benefits to plaintiff.

### ORDER

IT IS ORDERED that the Commissioner's decision is reversed; the Commissioner shall award disability benefits to the plaintiff; and Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk of Court shall mail the Memorandum Decision and Order and Judgment to the parties.