111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfonso VALDEZ, Plaintiff-Appellant,
v.
Shirley S. CHATER*, Commissioner of the
Social Security Administration Defendant-Appellee.
 No. 95-56741.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided April 14, 1997.
 
 Before: SCHROEDER, WIGGINS, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Valdez appeals from the district court's judgment in favor of the Commissioner upholding the denial of Valdez's claim for Social Security disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We REVERSE and REMAND.
 
 
 3
 We review de novo a district court order granting summary judgment in favor of the Commissioner. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The scope of judicial review is limited: we must affirm the judgment if the Commissioner's determination is supported by substantial evidence and the Commissioner applied the correct legal standards. Id.
 
 
 4
 To obtain disability benefits, a claimant must demonstrate that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). After Valdez established a facial claim of disability by showing that he could not perform his previous work, the burden shifted to the Commissioner to prove that Valdez could engage in other types of substantial gainful work that exists in the national economy. Gonzalez v. Secretary of Health & Human Serv., 784 F.2d 1417, 1419 (9th Cir.1986).
 
 
 5
 Valdez claims that the ALJ erred when he failed to set forth specific, legitimate reasons supported by substantial evidence in the record for rejecting the opinion of Dr. Migden, his treating physician, as required by a long line of cases in this circuit such as Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995). The medical opinion of a treating physician is entitled to special weight because he is employed to cure and has a greater opportunity than nontreating physicians to know the claimant's condition. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988).
 
 
 6
 The ALJ may credit the testimony of an examining consultative physician and a nonexamining physician who is subject to cross-examination, even though they may reach different conclusions than the treating physician. Andrews v. Shalala, 53 F.3d 1035, 1041-42 (9th Cir.1995). An examining physician's opinion based on independent clinical findings can constitute substantial evidence. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). The opinion of a nonexamining physician is not by itself substantial evidence that justifies the rejection of the opinion of a treating physician, however. Lester, 81 F.3d at 831. There must be other significant evidence in the record to justify such a rejection. Id. The ALJ's observations of the claimant's demeanor at the hearing also is not sufficient additional evidence for this purpose. Id.
 
 
 7
 To reject a controverted opinion of a treating physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so based on substantial evidence in the record. Lester, 81 F.3d at 830; Magallanes, 881 F.2d at 751. The ALJ need not recite the incantation "I reject the treating physician's opinions because ..." so long as the record reveals specific, legitimate inferences that may be drawn from the ALJ's opinion justifying the decision not to adopt the treating physician's opinion. Id. at 755. In his opinion denying Valdez's claim, the ALJ in this case failed even to discuss Dr. Migden's conclusions at all.
 
 
 8
 Accordingly, the ALJ's findings were lacking. Although the ALJ did provide specific reasons supporting his conclusion, Lester and Magallanes require more--a specific discussion of the reasons for rejecting a treating physician's conclusions. The ALJ did not accept Dr. Migden's assessment of the degree of Valdez's mental impairment but did not provide specific reasons for differing from Dr. Migden's assessment. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews, 53 F.3d at 1039. We do not attempt to usurp those functions. We do, however, require that the ALJ perform them clearly on the record.
 
 
 9
 Because the ALJ erred in not explaining why he disregarded the conclusions of Valdez's treating physician and his consultative physician, we do not reach the issue of the propriety of the hypothetical posed to the vocational expert. The ALJ should ensure that the vocational expert properly relied on all of Valdez's impairments, as they are determined on remand. Embrey, 849 F.2d at 422 (stating that the hypothetical question to the vocational expert "must set out all limitations and restrictions of the particular claimant.").[1]
 
 
 10
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Shirley S. Chater, as Commissioner of Social Security, is substituted for Donna E. Shalala, as Secretary of Health and Human Services pursuant to Pub.L. No. 103-296
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Commissioner urges us to adopt an exception to this rule adopted in the Seventh Circuit: hypothetical questions need not contain every one of claimant's impairments if the vocational expert has reviewed the record, been present at the hearing, and been subject to cross-examination. Ragsdale v. Shalala, 53 F.3d 816, 819 (7th Cir.1995). As a result of our remand, resolution of this question is unnecessary at this time. We express no view on it